UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| EMELITA AYOS, M.D., | ) | |
| | ) | |
| Plaintiff, | ) | No. 6:23-CV-12-CHB-HAI |
| | ) | |
| v. | ) | |
| | ) | |
| TRG HOLDINGS G&H, LLC, *et al.*, | ) | |
| | ) | ORDER |
| Defendants. | ) | |
| | ) | |
| | ) | |
| | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Donald L. Miller and Ethan Johnson have moved the Court to grant their withdrawal as attorneys of record for Defendants. D.E. 21; D.E. 23. R. Aaron Hostetter, James Ridings, and Kelsey Bryant have also entered a notice of appearance seeking to substitute themselves as counsel of record for Defendants in place of Mr. Miller and Mr. Johnson. D.E. 25.

Joint Local Rule of Civil Practice 83.6 governs the substitution or withdrawal of an attorney of record. That rule states in relevant part:

> Unless a compelling reason exists, an attorney of record is not permitted to withdraw within twenty-one (21) days of trial or a hearing on any motion for judgment or dismissal. At any other time, an attorney of record may withdraw from a case only under the following circumstances:
>
> > (a) The attorney files a motion, his or her client consents in writing, and another attorney enters his or her appearance; or
> >
> > (b) The attorney files a motion, certifies the motion was served on the client, makes a showing of good cause, and the Court consents to the withdrawal on whatever terms the Court chooses to impose.
> >
> > (c) In cases where an attorney seeks to be substituted for another as attorney of record, and both attorneys are within the same partnership or other legal professional association, a notice of

1

> substitution must be filed by the withdrawing attorney and the substitute attorney with an affirmative representation stating that the substitution is made with the client's consent; the notice may, but need not be, signed by the client.

Notably, the certificate of service included with the motion to withdraw indicates that the motion was served on Dr. Lalaji, but does not adequately describe how or whether the motion was served on the corporate Defendants. D.E. 21 at 2. It is not the Court's role to scour the record to determine whether service upon Dr. Lalaji was effective as to the corporate Defendants. Further, a proper motion to withdraw is necessary in light of the new counsel listed in the notice of appearance belonging to a different partnership than Mr. Miller and Mr. Johnson.

Accordingly, **IT IS HEREBY ORDERED** that the motion to withdraw at Docket Entry 21 is **DENIED** without prejudice to the submission of a motion that complies with Local Rule 83.6.

This the 13th day of April, 2023.

Signed By:
Hanly A. Ingram
United States Magistrate Judge