UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| EMELITA AYOS, M.D., | ) |
| | ) |
| Plaintiff, | ) No. 6:23-CV-12-CHB-HAI |
| | ) |
| v. | ) |
| | ) |
| TRG HOLDINGS G&H, LLC, *et al.*, | ) |
| | ) RECOMMENDED DISPOSITION |
| Defendants. | ) |
| | ) |
| | ) |
| | ) |

*** *** *** ***

On January 17, 2023, Defendants TRG Holdings G & H, LLC ("TRG"), Anand Lalaji, M.D. ("Dr. Lalaji"), Gram Resources, Inc. ("Gram"), Hazard Radiology Associates, Inc. ("Hazard"), and The Radiology Group, LLC ("The Radiology Group") (collectively, "Defendants"), through counsel, removed this case from the Perry Circuit Court on the basis of diversity jurisdiction under 28 U.S.C. §§ 1332(a) and 1441. D.E. 1. The matter was referred to the undersigned for pretrial management. D.E. 7. On January 23, Plaintiff moved to remand this matter back to state court, arguing that the removal was improper based on the forum defendant rule and its untimeliness. D.E. 10. Defendants responded (D.E. 18) and Plaintiff replied (D.E. 19).

**I.**

Diversity-based removal requires "plausible allegation[s]" of complete diversity and a sufficient amount in controversy. *Naji v. Lincoln*, 665 F. App'x 397, 400 (6th Cir. 2016). The removing party "bears the burden[.]" *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549 (6th

1

Cir. 2006). A corporation is a citizen of the states where "it has been incorporated and . . . where it has its principal place of business[.]" 28 U.S.C. § 1332(c)(1).

28 U.S.C. § 1441(b)(2) prohibits removal of a case solely on the basis of diversity jurisdiction under § 1332(a) "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. 1441(b)(2). Courts have debated whether this so-called "forum defendant rule" is a jurisdictional or procedural issue in the Sixth Circuit. *Cronin v. Kentucky Horse Park Found., Inc.*, Civil Action No. 5:15-197-KKC, 2016 WL 1633294, at *1 (E.D. Ky. Apr. 22, 2016) ("[D]istrict courts in this Circuit have consistently held: 'the Sixth Circuit has not addressed whether the forum defendant rule is a jurisdictional or procedural issue.'") (collecting cases); *but cf. Regions Bank v. Am. Just. Sch. of L., Inc.*, No. 5:08-CV-134-M, 2009 WL 909548, at *3 (W.D. Ky. Mar. 30, 2009) (discussing conflicting Sixth Circuit holdings as to whether the forum defendant rule is jurisdictional or procedural); *Uboh v. United States Equestrian Found.*, 384 F. Supp. 3d 780, 783 (E.D. Ky. 2019) ("The weight of federal authority has concluded that the forum defendant rule is a procedural defect that may be waived, not a jurisdictional defect that deprives the court of subject matter jurisdiction."). Regardless of whether the forum defendant rule presents a procedural or jurisdictions hurdle, Plaintiff timely filed a motion to remand and raised the issue therein. 28 U.S.C. § 1447(c) (providing that procedural defects "must be made within 30 days after the filing of the notice of removal").

Plaintiff argues that TRG, Gram, Hazard, and Dr. Lalaji are all citizens of Kentucky.[1] D.E. 10 at 4-6. Defendants directly dispute Dr. Lalaji's Kentucky citizenship. D.E. 18 at 6. However,

---

[1] Plaintiff erroneously asserts that a limited liability company's citizenship is determined in the same manner as a corporation. Unlike corporations, a limited liability company's citizenship is determined by "the citizenship of each of its members." *Varsity Brands, Inc. v. Star Athletica, LLC*, 799 F.3d 468, 494 (6th Cir. 2015) (quoting *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009)).

2

Defendants' response is devoid of any information or argument as to the citizenship(s) of TRG, Gram, and Hazard. The Notice of Removal addresses the citizenship of TRG, Gram, Hazard, and Dr. Lalaji as follows:

> 5. Defendants, Gram Resources, Inc., and Hazard Radiology Associates, Inc., were originally incorporated in Kentucky by Ashokkumar Patel. Ashokkumar Patel and Mahender Pampati previously served as the officers and directors of the corporation until August 1, 2020, when Defendant, TRG G&H Holdings, LLC acquired 100% ownership of Gram Resources, Inc. and Hazard Radiology Associates, Inc. After that date, Anand Lalaji and Tejal Lalaji became the sole officers and directors of Gram Resources, Inc., and Hazard Radiology Associates, Inc.
>
> 6. Defendant, Anand Lalaji, M.D., and unnamed party, Tejal Lalaji, are husband and wife, and both are residents and citizens of the State of Georgia.
>
> 7. Defendant, TRG G&H Holdings, LLC, is a limited liability company formed in Kentucky by Defendant, Anand Lalaji, on July 7, 2020 as its only member. Its physical address is 3475 Piedmont Rd NE, Suite 1150, Atlanta, GA, 30305, USA. TRG G&H Holdings, LLC, is a citizen of the State of Georgia by virtue of its sole owner and member, Defendant, Anand Lalaji, M.D., being a resident and citizen of Georgia.

D.E. 1 at 2-3. Defendants concede that Gram and Hazard are Kentucky corporations in the Notice of Removal. *Id.* ¶ 5. Further, Plaintiff has attached screenshots from the Kentucky Secretary of State's website with registration information for Gram, Hazard, and TRG. D.E. 10-1; D.E. 10-2; D.E. 10-3. These records indicate that Gram and Hazard are Kentucky corporations with the same principal office in Hazard, Kentucky. D.E. 10-1; D.E. 10-2. Because they were incorporated and have their principal place of business in Kentucky, Gram and Hazard are citizens of Kentucky. *Beanstalk Innovation, Inc. v. SRG Tech., LLC*, 823 F. App'x 404, 408 (6th Cir. 2020) ("A corporation is a citizen of both the state in which it is incorporated and the state in which the corporation's principal place of business is located."). Given Gram and Hazard's citizenship and

3

this matter having been brought in Kentucky, the forum defendant rule prohibits removal to federal court. 28 U.S.C. 1441(b)(2).

Despite filing a response to Plaintiff's motion to remand, Defendants have failed to even acknowledge the forum defendant rule, let alone attempt to explain why it does not prevent removal. *See* D.E. 18. Rather, Defendants focus on the timeliness of removal and otherwise assert that "the parties are diverse for purposes of diversity jurisdiction." *Id.* at 6. Although Defendants' response ignores this clear impediment, this is not the first time they have made "an audacious attempt to shoulder into federal court." D.E. 10-7 at 3 (copy of *Patel v. Gram Resources, Inc.*, No. 6:21-CV-141-REW-HAI (E.D. Ky. Aug. 25, 2021)). Like in the present case, Gram, Hazard, TRG, Dr. Lalaji, and The Radiology Group were defendants in *Patel* and removed the case to federal court on the basis of diversity jurisdiction. *Id.* at 1. Because the plaintiff was also a citizen of Kentucky, District Judge Wier ordered Defendants to show cause why the matter should not be remanded.[2] *Id.* at 1-2. There, Defendants "strain[ed] to shift the focus" on the citizenship of Gram and Hazard's alleged LLC parent(s). *Id.* at 3. Here, Defendants have put forth even less effort by ignoring Hazard and Gram's citizenship altogether. The Court can only assume Defendants intended to "shift the focus" to Gram and Hazard's alleged LLC parent(s) in this case as well by stating in the Notice of Removal that Gram and Hazard were "originally incorporated in Kentucky" but were later acquired by TRG. D.E. 1 ¶ 5. In any event, Judge Wier foreclosed this argument in *Patel*:

> But "a corporate subsidiary's citizenship is distinct from a corporate parent's citizenship[.]" *Pegasus Indus., Inc. v. Martinrea Heavy Stampings, Inc.*, No. 3:16-CV-00024-GFVT, 2016 WL 3043143, at *3 (E.D. Ky. May 27, 2016) (citing *Schwartz v. Elec. Data Sys., Inc.*, 913 F.2d 279, 283 (6th Cir. 1990)). "When formal separation is maintained between a corporate parent and its corporate subsidiary, federal court jurisdiction over the subsidiary is determined by that corporation's

---

[2] Judge Wier also clarified that the plaintiff's Kentucky citizenship "eliminate[d] the need to assess the forum defendant rule." D.E. 10-7 at 2 n.2.

> citizenship, not the citizenship of the parent." *Schwartz*, 913 F.2d at 283 (noting that "[s]o far as we can determine, every court of appeals that has considered the question has reached this conclusion"); *see also U.S.I. Properties Corp. v. M.D. Const. Co.*, 860 F.2d 1, 7 (1st Cir. 1988). Defendants make no legal argument and offer no proof to suggest the Court should look past the citizenship of Gram and Hazard.
>
> Against that backdrop, and mindful that Defendants face the burden to justify removal, the Court rejects Defendants' theory of citizenship.

D.E. 10-7 at 3-4. Thus, to the extent Defendants attempt to assert it again here, this LLC-parentage argument is without merit. Judge Wier conclusively held in *Patel* that Gram and Hazard are citizens of Kentucky. *Id.* at 4. Defendants have stayed silent on the issue in their response, and nothing in the record indicates that Hazard's or Gram's citizenship has changed. Rather, Defendants' own Notice of Removal confirms that the entities are Kentucky corporations. D.E. 1 ¶ 5. Thus, "with at least two Defendants as Kentucky citizens, the facial [] defect is evident." D.E. 10-7 at 4; *see* 28 U.S.C § 1441(b)(2). Due to this clear defect, the Court need not address the timeliness of the removal. Accordingly, based on the forum defendant rule, this matter should be remanded back to state court.

## II.

Plaintiff's motion also requests that the Court award attorney's fees under 28 U.S.C. § 1147(c) and additional sanctions as deemed appropriate. D.E. 10 at 7-9. Given the longstanding, unambiguous forum defendant rule and Judge Wier's order in *Patel* resolving any doubt as to the citizenship of Gram and Hazard, the undersigned finds that sanctions are appropriate. "[F]ee awards are inappropriate unless 'the removing party lacked an objectively reasonable basis for seeking removal.'" *Powers v. Cottrell, Inc.*, 728 F.3d 509, 515 (6th Cir. 2013) (quoting *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 139 (2005)). In *Patel*, Judge Wier held that "Defendants' stark lack of an objectively reasonable basis for seeking removal qualifies this matter for a fee

5

award." D.E. 10-7 at 8. Based on Judge Wier's clear holding, Defendants' removal of this case was at a minimum objectively *unreasonable*. Thus, attorney's fees and sanctions are appropriate in this case. However, further process on the sanctions request, including any hearing, should be deferred until District Judge Boom rules on this recommendation that this matter should be remanded back to state court. At that time, Judge Boom may refer the matter to the undersigned for any further necessary proceedings concerning sanctions.

### III.

For these reasons, the undersigned hereby **RECOMMENDS** that Plaintiff's motion to remand (D.E. 10) be **GRANTED IN PART** and this matter be **REMANDED** back to state court.

Any objection to this recommendation must be asserted in response to this Recommended Disposition. The Court directs the parties to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b) for appeal rights and mechanics concerning this Recommended Disposition, issued under subsection (B) of the statute. Within fourteen days after being served with a copy of this decision, any party may serve and file specific written objections to any or all findings or recommendations for determination, de novo, by the District Judge. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Wandahsega*, 924 F.3d 868, 878 (6th Cir. 2019).

This the 13th day of April, 2023.



Signed By:
Hanly A. Ingram
United States Magistrate Judge

6