UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| EMELITA AYOS, M.D., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 6:23-CV-012-CHB |
| | ) | |
| v. | ) | |
| | ) | **ORDER ADOPTING MAGISTRATE** |
| TRG HOLDINGS G&H, *et al.*, | ) | **JUDGE'S REPORT AND** |
| | ) | **RECOMMENDATION** |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the Recommended Disposition filed by United States Magistrate Judge Hanly A. Ingram. [R. 28]. The Report and Recommendation addresses the Plaintiff's Motion to Remand & Sanctions. [R. 10].

Specifically, Magistrate Judge Ingram examined the forum defendant rule and recommends that the Motion to Remand be granted because complete diversity does not exist. [*See* R. 28, p. 5]. Magistrate Judge Ingram also addressed the Plaintiff's motion for sanctions based on Defendant's conduct and observed that attorney's fees and sanctions are appropriate in this case. [*Id.* at 6 ("Based on Judge Wier's clear holding, Defendants' removal of this case was at a minimum objectively ***unreasonable***.")]. However, Magistrate Judge Ingram acknowledged that further process on the sanctions request would be needed if the motion to remand were to be granted. [*Id.*].

Magistrate Judge Ingram's Recommended Disposition advised the parties that any objections were to be filed within fourteen days. [*Id.*] The time to file objections has now passed, and neither party has filed any objections to the Recommended Disposition nor sought an extension of time to do so.

Generally, this Court must make a de novo determination of those portions of a recommended disposition to which objections are made. 28 U.S.C. § 636(b)(1). When no objections are made, this Court is not required to "review . . . a magistrate's factual or legal conclusions, under a *de novo* or any other standard." *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Parties who fail to object to a Magistrate Judge's recommended disposition are also barred from appealing a district court's order adopting that recommended disposition. *See United States v. White*, 874 F.3d 490, 495 (6th Cir. 2017); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). Nevertheless, this Court has examined the record and agrees with the Magistrate Judge's Recommended Disposition. The Court will therefore adopt it as the opinion of the Court and grant Plaintiff's Motion to Remand. Additionally, although the Court is remanding this case back to state court, it retains jurisdiction over Plaintiff's request for sanctions. *See Red Carpet Studios Div. of Source Advantage, Ltd. v. Sater*, 465 F.3d 642, 645 (6th Cir. 2006) ("[T]he Supreme Court has consistently held that federal courts retain jurisdiction over issues—such as sanctions—that are collateral to the merits.").

Accordingly, the Court being otherwise sufficiently advised,

**IT IS HEREBY ORDERED** as follows:

1. The Magistrate Judge's Recommended Disposition [**R. 28**] is **ADOPTED** as the opinion of this Court.

2. The Plaintiff's Motion to Remand & Sanctions is **GRANTED** in part [R. 10]. Specifically, this matter **SHALL** be **REMANDED** back to state court.

3. This matter is once again **REFERRED** to Magistrate Judge Ingram for any further necessary proceedings concerning Plaintiff's motion for sanctions [R. 10].

4. To the extent any other motions remain pending, they are **DENIED** as moot.

- 3 -

This the 2nd day of May, 2023.

*Claria Horn Boom*
CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY