**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**LONDON DIVISION**

| | |
|---|---|
| **Emelita Ayos, MD** ) | |
| ) | |
| **Plaintiff** ) | 6:23-cv-12-CHB-HAI |
| ) | |
| v. ) | |
| ) | **PLAINTIFF'S STATEMENT** |
| ) | **REGARDING SANCTIONS** |
| ) | **TO IMPOSE ON DEFENSE** |
| **THE RADIOLOGY GROUP, LLC,** ) | |
| **et al.** ) | |
| ) | |
| **Defendants** ) | |

Comes Plaintiff, Emelita Ayos, M.D. pursuant to D.E. 30 and provides the Court with the following supplement to her motion for sanctions in response to the Court's order to Plaintiff "to file an itemization of just costs and actual expenses, including attorney's fees, incurred in connection with the removal and remand of this action[.]" [D.E. 30, at 1]; and to "supplement her motion for sanctions and identify with particularity authority that supports her request and the sanctions sought[.]" *Id.*

1. Attached hereto and made a part hereof as **Exhibit 1** is the affidavit of Plaintiff's counsel containing the itemization of Plaintiff's attorney fees incurred to date relative to the removal and remand of this action, *viz.* $28,469.50

2. Plaintiff requests Defendants and prior defense counsel (the law firm of Quintairos, Prieto, Wood & Boyer, P.A., which is referred to herein as "Defense Counsel") to be ordered to jointly and severally pay Plaintiff her costs associated with addressing Defendants' improper removal of this action to federal court; and to be additionally sanctioned with a punishment of an additional amount of $28,469.50 to be paid to Plaintiff based on the egregious conduct of both Defendants and Defense Counsel. The total of the costs and sanctions to be paid jointly and

severally by Defendants and Defense Counsel is $56,939.00. It is within this Court's authority to impose these sanctions for repetitive egregious conduct as expressed *infra*.

3. Plaintiff's request that the costs and sanctions be levied upon Defendants and Defense Counsel jointly and severally is based upon the unique circumstances of what has transpired and the role that both Defendants and Defense Counsel each had. Defendants and Defense Counsel are the same as those who incurred and paid the sanctions from Judge Wier in *Patel v. Gram Resources, Inc.*, No. 6:21-CV-141-REW-HAI (E.D. Ky. Aug. 25, 2021) [the "*Patel* case"]. Defendants approved Defense Counsel's stratagem to remove this action. Defense Counsel subsequently requested leave to withdraw from further representation of Defendants because Defendants were not paying Defense Counsel, "[c]ontinued representation will result in an unreasonable financial burden on Quintairos, Prieto, Wood & Boyer, P.A." [D.E. 21, at 1] (Defendants have obtained the new counsel of Hamm, Milby & Ridings, PLLC [D.E. 25] who have also been representing Defendants in the *Patel* case.)

4. This Court denied Defense Counsel's motion to withdraw [D.E. 26] on April 13, 2023 and ordered that "submission of a motion that complies with Local Rule 83.6[]" be filed, however, no such filing has occurred.

5. The District Court adopted the Magistrate Judge's Recommended Disposition at D.E. 29 (the "Recommended Disposition") and recognized that the Magistrate Judge "observed that attorney's fees and sanctions are appropriate in this case…('Based on Judge Wier's clear holding, Defendants' removal of this case was at a minimum objectively unreasonable.')." [*Id.*, page 1, internal citations omitted]

6. A fact making Defendants' and Defense Counsel's actions in this matter particularly egregious is that Judge Wier emphatically placed the same Defendants and same

Defense Counsel on notice in August 2021, that the same conduct done in the present action was objectively unreasonable, and that this conduct should be punished. Instead of heeding Judge Wier's decision and discipline, Defendants and Defense Counsel embarked on a course of identical conduct in removing this action to federal court, causing Plaintiff to delay the prosecution of her case.[1] Given the clarity of Judge Wier's prior holding, and the demonstrated inaccuracies in the pleadings, there can be no other reason for Defendants' and Defense Counsel's actions but to harass, delay and/or increase Plaintiff's burden in prosecuting her case.

7.      Defense Counsel is required to submit only those pleadings which are reasonable to counsel's knowledge, information, and belief, formed after an inquiry practical under the circumstances. Pleadings are not to be for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation. Pleadings are to be warranted by existing law, and the factual contentions are to have evidentiary support. See generally, Fed. R. Civ. P. 11. Federal courts have the inherent power to correct and to discipline conduct by counsel and parties by virtue of their institutional mandate "'to achieve the orderly and expeditious disposition of cases." *Chambers v. Nasco, Inc.*, 501 U.S. 32, 43 (1991) (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 630–631 (1962)). "[A] court may assess attorney's fees when a party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'") (internal quotation omitted). In short, "[t]he imposition of sanctions in this instance transcends a court's equitable power concerning relations between the parties and reaches a court's inherent power to police itself[.]" *Chambers*, 501 U.S. at 46. Courts also have the power to "assess attorney's fees under its inherent powers" upon a finding that a party acted in bad faith. *Metz v. Unizan Bank*, 655 F.3d 485, 489 (6th Cir.2011); see *Chambers*, 501 U.S. at 45–46. Additionally, 28 USC § 1927 is

---

[1] On the day undersigned filed the present pleading, the Perry County Circuit Clerk was contacted and said that no certified copy of the order of remand of this action had been received per 28 USC § 1447(c).

specifically addressed to sanction an attorney who "unreasonably and vexatiously" multiplies the proceedings. The purpose of § 1927 is "to deter dilatory litigation practices and to punish aggressive tactics that far exceed zealous advocacy." *Red Carpet Studios Div. Source Advantage, Ltd. v. Sater*, 465 F.3d 642, 646 (6th Cir. 2006). The Sixth Circuit has provided that "sanctions are warranted when an attorney objectively 'falls short of the obligations owed by a member of the bar to the court and which, as a result, causes additional expense to the opposing party.'" *Id.* (quoting *Ruben v. Warren City Sch.*, 825 F.2d 977, 984 (6th Cir. 1987)). "[A]n attorney is sanctionable when he intentionally abuses the judicial process or knowingly disregards the risk that his actions will needlessly multiply proceedings." *Id.*

8. The Recommend Disposition finds that the response to Plaintiff's motion to remand [D.E. 18] "failed to even acknowledge the forum defendant rule, let alone attempt to explain why it does not prevent removal." [D.E. 28 at 4]. The Recommended Disposition further finds that Defendants have attempted this course of conduct previously and "have put forth even less effort [than they did with Judge Wier] by ignoring Hazard and Gram's citizenship altogether." *Id.* Defense Counsel can make no plausible argument that the motion to remove this action was warranted by existing law or facts, or that it was done for any reason other than as a dilatory litigation practice.

9. The factual contentions made by Defense Counsel in removing this action have no evidentiary support. Defense Counsel stated to this Court that diversity exists between the parties and that Defense Counsel failed to understand for almost one-year that Plaintiff was seeking more than $75,000 in damages. "While Plaintiff did make a settlement demand, it in no way indicated her belief that her claims may have exceeded the jurisdictional threshold." [D.E. 18, at 3] In addition to the factual misrepresentations referenced above regarding diversity, Defense Counsel's

comments about the amount in controversy is directly refuted by a letter sent to Defense Counsel on March 9, 2022 in which they were told, "Dr. Ayos demands payment of $200,000", a true copy of which is attached hereto and made a part hereof as **Exhibit 2**, and also at D.E. 19-1. Defense Counsel was also provided Plaintiff's discovery responses on August 23, 2022 in which Plaintiff stated she "values her pain and suffering no less than $250,000" and "Plaintiff values her economic harm at no less than $250,000" and "Plaintiff is entitled to treble damages for Defendants' prior and continuing misconduct as detailed in the Complaint, as well as expressed in repeated motions for discovery and sanctions." See **Exhibit 3** attached hereto and made a part hereof and previously of record at D.E. 19-2. Defense Counsel's statements to this Court in removing this action have no evidentiary support and are demonstrably false; this conduct is unreasonable, vexatious, and undermines the Court's integrity.

10. 28 USC § 1447(c) does not distinguish between the party and the party's counsel in authorizing imposition of "payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Judge Wier's Order in the *Patel* case was directed at "Removing Defendants" to jointly and severally pay the punishment imposed. The notice of compliance subsequently filed in that action states that payment was made by an employee of Defendant The Radiology Group via a credit card. This payment also shows that Defendants knew about the objectively unreasonable conduct in the *Patel* case and the sanctions therein.

11. Defendants and Defense Counsel have a history of delay and vexatious conduct in state court in this action, including an appeal of a declaratory judgment rendered against Defendants that was denied. See, **Exhibit 4** attached hereto and made a part hereof, a copy of that appellate court decision. The appellate court noted in that decision that the law Defense Counsel cited in support of their appeal "directly contradicts their argument." *Id.*, at 4. That Court also chided Defense Counsel

for the frivolousness of their argument by stating "[i]t strains credulity to suggest that the statute means the opposite of what it says." *Id.*, at 5.

12. Following that appeal, Plaintiff encountered repeated refusals to produce records and multiple attempts by Defendants and Defense Counsel to gaslight Plaintiff and the state court about discovery responses. This led the state court to sustain two separate motions to compel against Defendants and to take under submission pending motions for sanctions. Defendants and Defense Counsel removed this action immediately after the state court verbally denied Defendants' motion to quash subpoena issued by Plaintiff to collect billing records, and prior to entry of that order in writing.

13. It is also important to notify this Court of Defendant Anand Lalaji's ongoing conduct in the *Patel* case, wherein the state court has scheduled an evidentiary hearing into allegations that Defendant Anand Lalaji made perjurious statements in two depositions, as demonstrated in **Exhibit 5** – attached hereto and made a part hereof – a collective exhibit containing (a) the motion for sanctions relative to Lalaji's false testimony, (b) Lalaji's response, and (c) Plaintiffs' corresponding reply. That motion regarding perjurious statements is in addition to a motion about Defendant Lalaji's improper contact with a witness in the *Patel* case, threatening that witness with financial repercussions for what Defendant Lalaji claims is a "massive conflict of interest in regards to our contract with [the witness.]" See, **Exhibit 6** – attached hereto and made a part hereof – a collective exhibit containing (a) the motion for sanctions relative to Lalaji's attempt to intimidate a witness, and (b) Lalaji's response.[2] The motion relative to witness intimidation was taken under advisement by the state court on May 12, 2023.

14. Defendants have repeatedly demonstrated their direct participation and involvement in the proceedings and a willingness to deceive and influence court actions. Defendants cannot hide behind the shield of advice or actions of Defense Counsel; thus, their individual conduct and that of their counsel are subject to sanctions, jointly and severally with Defense Counsel.

---

[2] Multiple internal exhibits in the state court motions have been removed because the exhibits are so voluminous, however, Plaintiff can readily make the entire pleading available if needed by this Court.

15. Plaintiff respectfully requests Defendants and Defense Counsel be jointly and severally sanctioned for their conduct associated with the objectively improper removal of this action to federal court. Requiring joint and several liability for payment to Plaintiff of her attorney fees based upon 28 USC § 1447(c) is warranted. The repeated vexatious and delaying conduct of Defendants and Defense Counsel warrants sanctioning them with an additional penalty of payment to Plaintiff of her attorneys fees associated with the removal and remand of this action and in making this response. Thus, Plaintiff requests Defendants and Defense Counsel be ordered to pay her $28,469.50 in attorney fees and additionally sanctioned in the amount of $28,469.50, for an immediate total payment of $56,939.00 to Plaintiff. Plaintiff also requests this action be immediately remanded to state court.

Respectfully submitted,

*s/Daniel Luke Morgan*
Daniel Luke Morgan, KBA #83181
Cynthia Effinger, KBA #87298
Brittany Deskins, KBA #95907
McBrayer PLLC
201 E. Main Street, Suite 900
Lexington, KY 40507
Email: lmorgan@mcbrayerfirm.com
ceffinger@mcbrayerfirm.com
bdeskins@mcbrayerfirm.com
Counsel For Plaintiff, Emelita Ayos, M.D.

## CERTIFICATE OF SERVICE

I hereby certify that on May 19, 2023, I electronically filed this Motion with the clerk of the Court, which will send electronic notice to all counsel of record.

*/s/ Daniel Luke Morgan*
Daniel Luke Morgan, KBA #83181
*Counsel for Plaintiff, Emelita Ayos, M.D.*