# Exhibit 2

[ M<u>c</u>BRAYER ]

LUKE MORGAN
lmorgan@mcbrayerfirm.com

201 EAST MAIN STREET, SUITE 900
LEXINGTON, KENTUCKY 40507
PHONE: 859.231.8780, ext. 1105
FAX: 859.6480

March 9, 2022

**VIA EMAIL**
dmiller@qpwblaw.com
ethan.johnson@qpwblaw.com

**CONFIDENTIAL KRE 408**

**VIA US MAIL**
Donald L. Miller, II, Esq.
Ethan F. Johnson, Esq,
Quintairos, Prieto, Wood & Boyer, P.A.
2452 Sir Barton Way, Suite 300
Lexington, Kentucky 40509

**Demand:**    **Ayos v. Lalaji,** *et al.* **Perry Circuit Court 22-CI-023**

Gentlemen:

Here is the demand letter you have requested in the above-styled matter. Please understand that if we are not then-engaged in active discussions this offer will expire on March 23, 2022. To resolve all counts in the present complaint[1], Dr. Ayos demands payment of $200,000. The reasons for this amount follow.

Defendants admit they owe Dr. Ayos $31,096 and have paid that amount to her. We have filed a proposed Declaratory Judgment granting Plaintiff's request that she be deemed an employee under the protections of KRS 337.385 at the judge's request, however, Defendants failed to submit any proposal. That indicates Defendants also feel confident that the judge will grant the request to declare Dr. Ayos a protected employee and order liquidated damages, costs and fees. Under KRS 337.385 the liquidated damages are double the amount owed which is at least $31,096 at Defendants' admission. We have evidence that this amount is greater – see attached spreadsheet showing the difference between the 60% payment rate Dr. Ayos received rather than the 70% collection that is expressed in the Gram contract. This is an additional $13,302 owed to Dr. Ayos for work she did based upon Defendants' admissions. Pre and post judgment interest at 8% is $3,616.64. This equals $48,014.64 in unpaid wages, as opposed to just $31,096. Under KRS 337.385 the liquidated damages for this equals the unpaid wages ($48,014.64) multiplied by two, minus what has already been paid ($31,096) which equals $64,933.28.

Underlying Dr. Ayos' concerns as to whether this is an accurate amount is the fact Defendants are only paying her because they got caught. To address Dr. Ayos' immediate concerns

---

[1] Count 1, KRS 337 claims; Count 2, breach of contract; Count 3, Unjust Enrichment; Count 4 Negligence *per se*; Count 5, Misapplication of Entrusted Property; Count 6, Fraud; Count 7 Declaratory Judgment; Count 8, Punitive Damages.

March 9, 2022
Page 2

and in a display of your client's good faith, Defendants needs to produce for immediate review the billing records of the six MRI scans that Defendants claim Dr. Ayos read in March 2021 (see email attached hereto as **Exhibit 1**), and also produce the billing records from the corresponding insurers showing what they paid. In addition to this Defendants need to produce the billing records of the 20 nuclear medicine scans referenced in the email attached hereto as **Exhibit 2** and corresponding payments from insurers.

    Assuming Defendants produce information showing proper accounting, the remainder of the demand stems from the approximately $35,000 in attorney fees and costs incurred to date. The balance of the demand comes from the value of the counts that are not being pursued.

Sincerely,

*/s/ Luke Morgan*

LUKE MORGAN
CINDY EFFINGER