# Exhibit 4

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0738-MR

THE RADIOLOGY GROUP, LLC;
GRAM RESOURCES, INC.;
HAZARD RADIOLOGY ASSOCIATES, INC.;
TRG HOLDINGS G&H, LLC; and
ANANA LALAJI, M.D.                                                                APPELLANTS

v.          APPEAL FROM PERRY CIRCUIT COURT
            HONORABLE ALISON C. WELLS, JUDGE
            ACTION NO. 2022-CI-00023

EMELITA AYOS, M.D.                                                                 APPELLEE

### ORDER
### DISMISSING APPEAL

\*\* \*\* \*\* \*\* \*\*

BEFORE:  COMBS, JONES, AND K. THOMPSON, JUDGES.

On July 1, 2022, this Court entered an Order requiring Appellants to show cause why this appeal should not be dismissed as having been taken from an interlocutory order. On July 21, 2022, Appellants filed a response. Having reviewed Appellants' response and being otherwise sufficiently advised, the Court FINDS that Appellants have not shown sufficient cause as to why this appeal should not be dismissed. It is HEREBY ORDERED that this appeal shall be, and

hereby is, DISMISSED for lack of subject matter jurisdiction as the appeal was taken from an interlocutory order.

Appellee Emilita Ayos, M.D. (Ayos or Appellee) filed a lawsuit against Appellants TRG Holdings G&H, LLC (TRG), Anand Lalaji, M.D. (Lalaji), Gram Resources, Inc. (Gram), Hazard Radiology Associates, Inc. (Hazard Radiology) and The Radiology Group, LLC (The Radiology Group) (collectively, Appellants) on January 21, 2022. Ayos asserted several claims, all arising from her employment as a physician by some or all of Appellants: (1) unlawful withholding of wages in violation of KRS[1] Chapter 337; (2) breach of contract; (3) unjust enrichment; (4) negligence; (5) misapplication of entrusted property and, (6) fraud. In addition, Ayos sought a declaration of rights, pursuant to KRS Chapter 418, that her employment agreement was valid and enforceable. Finally, Ayos sought punitive damages against all Appellants.

Ayos moved for declaratory judgment in the trial court. On May 20, 2022, the trial court entered an order granting Ayos's motion for declaratory judgment. The May 20, 2022, order did not recite that it was final and appealable, nor that there was no just cause for delay. The trial court noted that Ayos still had "several causes of action remaining in her complaint," and that the order did, "not dispose of the present case."

---

[1] Kentucky Revised Statutes.

2

Appellants filed a notice of appeal on June 17, 2022. This Court's show cause order of July 1, 2022 followed.

"It is fundamental that a court must have jurisdiction before it has authority to decide a case." *Wilson v. Russell*, 162 S.W.3d 911, 913 (Ky. 2005) (footnote omitted). "Our rules require that there be a final order or judgment from which an appeal is taken." *Id.* A final and appealable order is one that adjudicates all the rights of all the parties. CR[2] 54.01.

In an action involving multiple claims and/or multiple parties, CR 54.02(1) permits the circuit court to make an otherwise interlocutory order final and appealable upon a determination there is no just cause for delay. The Kentucky Supreme Court has explained:

> In any case presenting multiple claims or multiple parties, CR 54.02, like FRCP 54(b), vests the trial court—as the tribunal most familiar with the case—with discretion to 'release for appeal final decisions upon one or more, but less than all, claims in multiple claims actions.' In such a case, the trial court functions as a 'dispatcher.' If the trial court grants a final judgment upon one or more but less than all of the claims or parties, that decision remains interlocutory unless the trial court makes a separate determination that 'there is no just reason for delay.' And the trial court's judgment shall recite such determination and shall recite that the judgment is final.

---

[2] Kentucky Rules of Civil Procedure.

3

*Watson v. Best Fin. Servs., Inc.*, 245 S.W.3d 722, 726 (Ky. 2008) (footnotes omitted); CR 54.02(1) ("In the absence of such recital, any order or other form of decision, however designated, which adjudicates less than all the claims or the rights and liabilities of less than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is interlocutory and subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.")

The trial court's May 6, 2022, order does not contain the finality recitations set forth in CR 54.02(1). Nor does it adjudicate all the rights of all the parties in the proceeding. Under the plain language of the trial court's order, other claims remain. Accordingly, this Court lacks jurisdiction to address the appeal.

Appellants argue that a declaratory judgment action is not subject to CR 54.01 or CR 54.02 and should be treated as a separate case for the purposes of finality, even if brought in conjunction with other causes of action. The law they cite for this proposition, however, directly contradicts their argument. Appellants purport to rely upon KRS 418.060, which states:

> Any party aggrieved by a declaratory judgment, order or decree, rendered in the Circuit Court, may take and perfect an appeal to the Court of Appeals **in the manner provided in the Rules of Civil Procedure for appeals**. (emphasis added)

It strains credulity to suggest that the statute means the opposite of what it says. KRS 418.060 allows a party aggrieved by a judgment for a declaration of rights to appeal to this Court. But this appeal must be taken in a manner consistent with the Civil Rules. The instant appeal was not, and must be dismissed.

Appellants' citation to *Preferred Risk Mut. Ins. Co. v. Kentucky Farm Bureau Mut. Ins. Co.*, 872 S.W. 469 (Ky. 1994) is likewise misguided. In that case, the trial court entered an order granting a declaratory judgment and designated that order as final and appealable under CR 54.02(1) as the order did not dispose of all claims of all parties. *Id.* at 469. The Kentucky Supreme Court merely held that the trial court was within its discretion to make the order final under CR 54.02(1), meaning the case was therefore reviewable on appeal. *Id.* at 470. The order in the case *sub judice* has no CR 54.02(1) designation. *Preferred Risk Mut. Ins. Co.* is therefore irrelevant.

Having reviewed the record and being otherwise sufficiently advised; IT IS ORDERED that above-styled appeal is DISMISSED. Nothing herein shall preclude Appellants from filing a timely notice of appeal upon entry of a final and

5

appealable judgment or order in the underlying matter.

ENTERED: **SEP 1 4 2022**           _Kelly Thompson_
                                    JUDGE, COURT OF APPEALS