# UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

EMELITA AYOS, M.D. )
)
Plaintiff )
) Case No: 6:23-cv-00012-CHB-HAI
VS. )
)
)
THE RADIOLOGY GROUP, LLC, )
GRAM RESOURCES, INC., )
HAZARD RADIOLOGY ASSOCIATES, INC. ) *ELECTRONICALLY FILED*
TRG HOLDINGS G&H, LLC, )
and )
ANAND LALAJI, M.D. )
)
Defendants )
-----------------------------------------------------

**RESPONSE TO PLAINTIFF'S STATEMENT REGARDING SANCTIONS**
*** *** *** *** *** ***

Come now the defendants, The Radiology Group, LLC, Gram Resources, Inc., Hazard Radiology Associates, Inc., TRG Holdings G&H, LLC, and Anand Lalaji, M.D., by and through counsel, and for their Response to the plaintiff's Statement regarding sanctions [D.E. 31] herewith submit the following:

The defendants will first address the attorney's fees claimed in the Statement regarding sanctions. Exhibit A to the plaintiff's Statement purports to be time and attorneys fees allegedly incurred by the plaintiff arising from the removal of the herein action. However, the very first page of the purported itemization of attorney's fees incurred reflects that this case is being handled by plaintiff's attorneys on a "contingency" fee basis. Thus, it clearly appears that the

plaintiff has not actually incurred any attorney's fees relating to the removal as the matter is being handled on a contingency fee basis.

Second, the purported itemization of attorney's fees appears to include work ostensibly undertaken in the state court case and not related to the removal to federal court. The notice of removal herein was filed on January 17, 2023. However, the plaintiff has included alleged billable hours dating back to January 3, 2023. The amount of billable hours incurred **prior to** removal that the plaintiff has included in her Statement requesting fees totals **Twenty (20)** "billable hours" at various rates with corresponding attorneys' fees totaling Seven Thousand Three Hundred Eighty-Nine Dollars ($7,389.00). Again, all of this time was incurred PRIOR TO the case ever being removed to federal court.

Next, it appears from a review of the plaintiff's claimed billable hours relating to removal that the plaintiff's counsel allegedly expended 19.4 hours just in connection with the drafting of the Motion to Remand to state court. The attorneys fees claimed just in connection with the Motion to Remand to state court total Six Thousand Four Hundred Seventy-Five Dollars ($6,475.00). The Motion to Remand itself was a mere nine (9) pages in length and the exhibits attached thereto were simple and straightforward. The amount of time claimed and the related fees claimed in connection with the Motion to Remand seem incredibly excessive.

Moreover, lead counsel Daniel Luke Morgan has listed his time at the rate of apparently Three Hundred Seventy-Five Dollars ($375.00) an hour. Where did this hourly rate derive from? Where did the rates of Morgan's associates and/or partners derive from? The case is being handled on a contingency fee basis. The rates McBrayer is requesting have been conjured up out of whole cloth.

The plaintiffs also seek to recover for time allegedly spent researching the background and license status and related civil actions, if any, of Dr. Anand Lalaji. The time allegedly spent in such research is 2.0 hours for a total of Three Hundred Fifty Dollars ($350.00). This time seems wholly unrelated to the removal action.

Further, the plaintiffs seek an award of One Thousand Seven Hundred Twenty-Five Dollars ($1,725.00) for allegedly 4.6 hours of time in drafting and preparation of their Reply to the defendants' Response to Motion to Remand. The plaintiff's Reply was a mere four (4) pages in length. The amount of time claimed for drafting and preparing this Reply seems quite excessive given the four (4) page length of the Reply including the certificate of service page.

The plaintiffs request Six Hundred Twelve Dollars and Fifty Cents ($612.50) in fees relating to a review of disclosures from "Advocate". The undersigned counsel has no idea what "Advocate" is and how it relates to the removal Motion.

Next, the plaintiff claims to have incurred 9.6 hours in allegedly researching and responding to a Motion of defendants' former counsel to withdraw as counsel. The total amount that the plaintiff's attorneys claim to have incurred in connection with researching and responding to a Motion to Withdraw is Three Thousand Five Hundred Sixty Dollars ($3,560.00). That amount is so incredibly excessive as to shock the conscience. It seems that no more than Thirty (30) minutes would be required to review and respond to a motion to withdraw as counsel.

In sum, the plaintiff's counsel are attempting to fleece the defendants in connection with their request for sanctions vis-à-vis the removal action. Their claimed time is fabricated out of whole cloth because they are taking the case on a contingency fee arrangement. At a minimum, their claimed time is either inflated or entirely excessive and unreasonable and same does not pass muster under a ***Lodestar*** analysis. An award of attorneys fees must be reasonable and the

defendants claimed attorneys fees are not reasonable. Both the time and the amounts claimed are unreasonable.

In addition to seeking an award of attorney's fees of Twenty-Eight Thousand Four Hundred Sixty-Nine Dollars and Fifty Cents ($28,469.50), the plaintiff also asks this Court to double that amount with no supporting legal authority whatsoever. The relevant statute in this instance is 28 U.S.C. § 1447(c). In relevant part, that statute provides that "*an order remanding the case may require payment of just costs and any actual expenses including attorneys fees incurred as a result of the removal*." At no point does the statute authorize a court to assess additional sanctions in the form of "doubling" the amount of attorneys fees claimed as requested by the plaintiff. There simply is no provision for an award of punitive damages under 28 U.S.C. § 1447. Instead, the statute requires that any award of fees and costs must be "just" and "actual".

The case law cited by the plaintiff in support of her request for sanctions mitigates against the outrageous amount plaintiff requests this Court to award. For example, plaintiff's case law provides that a Court may assess attorney fees when a party has "*acted in bad faith vexatiously, wantonly, or for oppressive reasons*." Chambers v. Nasco Inc, 501 U.S. 32, 43 (1991) quoting Link v. Wabash R. Co, 307 U.S. 626, 630-31 (1962). Additional authority cited by the plaintiff provides that attorneys fees may be awarded when a party has acted in bad faith. Metz v. Unizan Bank, 655 F.3d 485, 489 (6th Cir. 2011) also citing the Chambers v. Nasco Inc, decision 501 U.S. at 45-46. The plaintiff further cites the Court to the 1987 Sixth Circuit decision of Ruben v. Warren City Schools, 825 F.2d 977, 984 (6th Cir. 1987) recognizing that an attorney is sanctionable when he "*intentionally abuses the judicial process or knowingly disregards the risk that his actions will needlessly multiply the proceedings*."

The defense attorneys referenced within the plaintiff's Statement regarding sanctions are the Hon. Donald L. Miller II, and the Hon. Ethan F. Johnson both with the law firm of Quintairos, Prieto, Wood & Boyer, P.A. in Louisville, Kentucky. Attorney Donald L. Miller II has been in practice in Kentucky since 1984. According to the Kentucky Bar Association's website there is no record of public discipline history ever with respect to Mr. Miller. Attorney Ethan F. Johnson has been in practice since October 2018. According to the Kentucky Bar Association's website there is likewise no record of any public discipline history with regard to Mr. Johnson.

Based on the foregoing, it seems highly unlikely that Mr. Miller or Mr. Johnson have, with respect to the removal action, acted in bad faith, vexatiously, wantonly or for oppressive reasons or to intentionally abuse the judicial process. Further, it is difficult to imagine that the defendants, who are all in the medical field, had any meaningful input whatsoever into the decision to remove this case to federal court, a highly complicated legal proceeding about which the defendants were undoubtedly substantially ignorant. To be sure, the defendants relied upon their counsel as to the propriety and wisdom of the decision to remove this case to federal court.

Courts have generally declined to impose sanctions on represented parties. See 5A, Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE & RPOCEDURE, §1336.2 (3d Edition 2004) ("Imposing a sanction on the client has met with disfavor.")

Based upon the foregoing the defendants respectfully submit that the plaintiff's request for attorneys fees is unreasonable, excessive, not well grounded, and not warranted under existing law. There is no statute or other legal authority which the plaintiff has cited which would allow this Court to double an award of attorney's fees. Accordingly, the defendants respectfully pray that this Court evaluate the totality of the circumstances with respect to

plaintiff's claimed award of attorney fees and that any such award be reasonable, actual, and consistent with the foregoing legal authorities.

Respectfully submitted,

HAMM, MILBY & RIDINGS, PLLC
120 NORTH MAIN STREET
LONDON, KY 40741
EMAIL: aaron@hmrkylaw.com
PHONE: 606-864-4126
FAX: 606-878-8144
*Counsel for defendants, Gram Resources, Inc; Hazard Radiology Associates, Inc.; Anand Lalaji, M.D.; TRG Holdings G & H, LLC; and The Radiology Group, LLC*

BY: /s/ R. Aaron Hostettler____________________
HON. R. AARON HOSTETTLER
HON. JAMES MILBY RIDINGS
HON. KELSEY LEE BRYANT

CERTIFICATE OF SERVICE:

I hereby certify that the foregoing was electronically filed with the Clerk of the Court by using the E-filing system and that a true and accurate copy of the foregoing has been served via the E-filing system and/or via first class U.S. Mail on the following:

COPIES TO:

Hon. Robert E. Maclin III
Hon. Lisa English Hinkle
Hon. Luke Morgan
McBrayer, PLLC
201 East Main Street, Suite 900
Lexington, KY 40507

This __25th__ day of May 2023.

/s/ R. Aaron Hostettler
OF COUNSEL FOR DEFENDANTS