**ELECTRONICALLY FILED**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | | |
|---|---|---|
| EMELITA AYOS, M.D.    PLAINTIFF | ) | |
| | ) | CASE NO.: 6:23-cv-12-CHB-HAI |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| THE RADIOLOGY GROUP, LLC; | ) | |
| TRG HOLDINGS G&H, LLC; | ) | |
| ANAND LALAJI, M.D.; | ) | |
| GRAM RESOURCES, INC.; | ) | |
| HAZARD RADIOLOGY | ) | |
| ASSOCIATES, INC.; | ) | |
| ANAND LALAJI, M.D. | ) | |
| in his capacity as | ) | |
| REGISTERED AGENT of | ) | |
| THE RADIOLOGY GROUP, LLC;    DEFENDANTS | ) | |

## RESPONSE AND OBJECTION TO PLAINTIFF'S STATEMENT REGARDING SANCTIONS

* * * * * * *

Donald L. Miller, II and Ethan F. Johnson, on behalf of the firm of Quintairos, Prieto, Wood & Boyer, P.A. former counsel for Defendants, The Radiology Group, LLC, Anand Lalaji, M.D., Gram Resources, Inc., Hazard Radiology Associates, Inc., and TRG Holdings G&H, LLC, ("Defendants"), hereby respond and object to Plaintiff's Statement Regarding Sanctions:

Former counsel for Defendants objects to the broad scope of Plaintiff's requested sanctions, especially those unrelated to the removal and subsequent motion for remand. Former counsel for Defendants desires only to extricate from this matter and recognizes the seriousness of the Order Remanding and for Sanctions and will comply with the ruling of this Court

thereafter, but would be remiss to not address the clearly excessive portions of the Plaintiff's Statement Regarding Sanctions. The Statement directs an accusatory vitriol toward opposing counsel at a level and to an extent which former counsel for Defendants has not commonly encountered even in very litigious circumstances.

Of the forty-seven (47) billing entries provided in Exhibit A, twenty-three (23) relate to discovery matters previously adjudicated in Kentucky state court, Plaintiff-generated discovery issues Defendants did not raise on removal discussed at a CR 16 conference, and Plaintiff's objection to the Motion to Withdraw.[1] The corresponding billing entries are at best tangentially related to Defendants' Removal and the subsequent Motion to Remand. Nearly half of Plaintiff's January billing requests concern a discovery dispute that occurred in state court. Defendants did not dispute the ruling of the state court before this Court and in no way objected to the related depositions that also occurred without issue. Plaintiff injected this discovery issue, which Defendants in no way raised, into the narrative by filing a CR 16 motion and requesting conference through additional communication with the Court's chambers.

This conference and motion proved, in terms of discovery, entirely unnecessary as Defendants never contested the depositions about which Plaintiffs were concerned nor asked for the Court's jurisdiction or ruling on any matters related to discovery that occurred in state court. Importantly, the Court instead used the majority of the conference to encourage the counsel for the parties to abstain from vitriol and finger pointing and stick to the salient legal issues of the matter.

In a similar vein, Plaintiff's objection to former Defense counsel's motion to withdraw was met with a quizzical line of questioning from the Court at hearing. This objection, again,

---

[1] Entries from Plaintiffs' Exhibit A: 1/3/2023, 1/4/2023, 1/5/2023, 1/6/2023, 1/9/2023, 1/10/2023, 1/10/2023, 1/11/2023, 1/13/2023, 2/6/2023, 2/6/2023, 2/6/2023, 2/7/2023, 2/9/2023, 2/10/2023, 2/13/2023 ("review and note disclosures from Advocate"), 2/15/2023, 2/17/2023, 2/19/2023, 2/20/2023, 2/20/2023, 2/21/2023, 2/22/2023

was unnecessary and should be precluded from the sanctions amount requested by Plaintiff. Furthermore, Plaintiff cites no discernible caselaw supporting its contention that the sanctions should be doubled and former counsel for Defendants also request that such be denied.

Despite the focus of the conference and direction of the Court, counsel for Plaintiff elected to capitalize upon the most recent order of this Court by doing the very thing they were admonished not to do.[2] Former counsel for Defendants wish to extricate themselves from further unnecessary finger-pointing and therefore respectfully request that the Plaintiff's sanctionable amount be limited by removing the $8,600 attached to the twenty-three extraneous entries in requested fees unrelated to the removal or remand of this matter from the following entry dates:

> Entries from Plaintiffs' Exhibit A: 1/3/2023, 1/4/2023, 1/5/2023, 1/6/2023, 1/9/2023, 1/10/2023, 1/10/2023, 1/11/2023, 1/13/2023, 2/6/2023, 2/6/2023, 2/6/2023, 2/7/2023, 2/9/2023, 2/10/2023, 2/13/2023 ("review and note disclosures from Advocate"), 2/15/2023, 2/17/2023, 2/19/2023, 2/20/2023, 2/20/2023, 2/21/2023, 2/22/2023.[3]

## CONCLUSION

**WHEREFORE,** Donald L. Miller, II and Ethan F. Johnson, on behalf of the firm of Quintairos, Prieto, Wood & Boyer, P.A. former counsel for Defendants, The Radiology Group, LLC, Anand Lalaji, M.D., Gram Resources, Inc., Hazard Radiology Associates, Inc., and TRG Holdings G&H, LLC, respectfully requests that the Court limit the sanctions fee to those related to the Removal and subsequent motion to remand. Defendants and former counsel for Defendants respectfully request Plaintiff's statement be modified accordingly.

---

[2] To wit, Plaintiff's Statement contains the following: "egregious conduct", "particularly egregious", accusations of intent to "harass, delay, increase Plaintiff's burden", "dilatory litigation practice, "demonstrably false … unreasonable, vexatious, and undermines the Court's integrity", "history of delay and vexatious conduct", "frivolousness of their argument", "willingness to deceive and influence court actions," etc.

[3] Per calculations, the new total less the $8,600 amounts to $19,869.50 (was $28,469.50).

Respectfully submitted,

*/s/ Ethan F. Johnson*
Donald L. Miller, II
Ethan F. Johnson
Quintairos, Prieto, Wood & Boyer, P.A.
444 East Main Street, Ste. 201
Lexington, Kentucky 40507
(859) 226-0057
Fax: (859) 226-0059
dmiller@qpwblaw.com
ethan.johnson@qpwblaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 26, 2023, I electronically filed the foregoing with the Clerk of the Court by using the ECF system. I further certify that on May 26, 2023, a true and accurate copy of the foregoing was served via email and/or U.S. mail, first class, postage prepaid, upon Plaintiff at:

Hon. Luke Morgan
Hon. Cynthia Effinger
Hon. Brittany Deskins
MCBRAYER, PLLC
201 East Main Street, Ste. 900
Lexington, KY 40507
*Counsel for Plaintiff*

Hon. R. Aaron Hostettler
Hon. James Milby Ridings
Hon. Kelsey Lee Bryant
Hamm, Milby & Ridings, PLLC
120 North Main Street
London, KY 40741
*Counsel for Defendants*

*/s/ Ethan F. Johnson*