# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# LONDON DIVISION

| | |
|---|---|
| **Emelita Ayos, MD** | ) |
| | ) |
| **Plaintiff** | )   6:23-cv-12-CHB-HAI |
| | ) |
| v. | ) |
| | ) |
| | )   **PLAINTIFF'S REPLY** |
| | )   **REGARDING ITEMIZATION OF** |
| | )   **FEE AWARD** |
| **THE RADIOLOGY GROUP, LLC,** | ) |
| **et al.** | ) |
| | ) |
| **Defendants** | ) |

Comes Plaintiff, by counsel and provides the following reply per the Court's Order [D.E. 35] as to the itemizations in Plaintiff's statement regarding sanctions. [D.E. 31 and 31-1] Plaintiff incorporates by reference the Affidavit regarding the itemization [D.E. 31-1] Below is Plaintiff's explanation for the itemizations and why they are pertinent to the issue before the Court. For purposes of this reply, "Defendants" means the party-defendants and the law firm of Quintairos, Prieto, Wood & Boyer, P.A.

1.  Entry December 19, 2022: Plaintiff responded to Defendants' second set of requests for admissions. Defendants' admission requests consisted of 17 questions each asking about the amount in controversy, or Plaintiff's damages, or statements made previously in state court, or construction of 28 U.S.C. § 1332. Research was performed into the practical effects of not answering these requests and it was decided that the record would be better preserved if an answer was made. Attached hereto as **Exhibit 1** is a copy of Plaintiff's Answers to Defendants' Requests for Admissions. Plaintiff relies on her previous statements in D.E. 31 regarding the application of this time toward the fee award. Defendants used these admissions as a basis to remove this action. D.E. 1, at page 4 "[t]o learn more about the actual amount in controversy,

Defendants propounded Requests for Admission...";  and D.E. 1 at page 5, "Defendants did not have an ascertainable basis for removal until December 20, 2022, when Defendants received Plaintiff's answers…specifically stating that her 'damages are likely to exceed $75,000.'"

    2.      Entries January 3 – 13, 2023: During this time the action was still in state court and Defendants had moved to quash a subpoena issued by Plaintiff to a third party for billing records. The question about how much unpaid wages Defendants owe Plaintiff is central to this action, and the best way to determine that amount is through original billing records. Defendants would only produce summaries of the billing records and were ordered by the state court to produce original records which Defendants failed to do. The subpoena to the third-party billing company was akin to I'll-do-it-myself on Plaintiff's behalf. Defendants moved to quash the subpoena and for a protective order, Plaintiff made a 22-page response (including exhibits), Defendants re-noticed the hearing on their motion to quash <u>twice</u> and the state court eventually denied the motion after a hearing on January 13, 2023. See **Exhibit 2**, the state court Order denying the motion to quash the subpoena.

These entries are included in Plaintiff's fee request because Defendants' efforts to quash the subpoena are intertwined with their removing the action to this Court: Defendants' efforts to delay and avoid production of the billing records in state court failed, so they attempted to change the forum and change their chances and removed it. Defendants' removal-scheme is further illustrated by the fact that they removed this action within one week of the state court decision – but prior to that judge entering a written order. Exacerbating this gambit this is the fact that after removing the action, the law firm of Quintairos, Prieto, Wood & Boyer, P.A. moved to withdraw from further representation after that law firm had provided the defense for one year in this action, and filed the prior improper removal addressed by Judge Wier's Order.

3. Entries January 18 – 23, 2023: Defendants removed this action January 17 and Plaintiff researched issues associated with the removal and responded accordingly with the motion to remand filed January 23. [D.E. 10]

4. Entries January 27 – February 10, 2023: Plaintiff wanted to bring this case to the Court's consideration as quickly as possible and was also concerned about deadlines imposed under the Order for Meeting and Report [D.E. 9]. Plaintiff filed a CR 16 motion [D.E. 13] to bring this matter to the Court's attention. Plaintiff also filed her motion to extend deadlines. [D.E. 16] The Court subsequently conducted a telephone conference with the parties' lawyers February 22, 2023. [D.E. 15]

5. Entries on February 13, 2023: Plaintiff filed her response to Defendants' motion to strike Plaintiff's filing of Judge Wier's Order on February 13. [D.E. 17] This Court denied that motion. [D.E. 27] Plaintiff also filed her reply to Defendants' response to motion for remand on this date. [D.E. 18]

6. Entries February 17 – 22, 2023: The Court conducted a telephone hearing with the parties' lawyers February 22, 2023. In addition to billing for that, Plaintiff incurred fees related to the research and drafting of her response [D.E. 22] to the motion to withdraw filed by the law firm of Quintairos, Prieto, Wood & Boyer, P.A. [D.E. 21] Plaintiff included those entries related to the motion to withdraw because that motion is intertwined with the motion to remove the action to this Court as established by the remarkable and extensive history Defendants' have in improperly removing a similar case to federal court as well as their conduct in this action.

Plaintiff's reasons for opposing the withdraw of Quintairos, Prieto, Wood & Boyer, P.A. are expressed in D.E. 22, and are also clarified by the demonstrated instances of misconduct which facilitate the party-defendants' desire to confound the prosecution of Plaintiff's claims.

7. Entries dated April 17 – May 19, 2023: These pertain to Plaintiff's efforts to address the Court's Recommended Disposition [D.E. 28 filed April 13], the District Court's adoption of the Recommended Disposition [D.E. 29, filed May 3], and the Court's Order directing Plaintiff to file an itemization of just costs and supplement her motion for sanctions on or before May 25, 2023. [D.E. 30, entered May 4]

The undersigned objects to comments that the itemization provided in D.E. 31-1 "is so incredibly excessive as to shock the conscience[, and] plaintiff's counsel are attempting to fleece the defendants[.]" [D.E. 34, at page 3] The undersigned will respond to such accusations if needed by the Court. The Court's Order at D.E. 35 directs a reply limited to the itemization which has been attempted herein; the undersigned has provided an itemized statement and an explanation of the work done associated with Defendants' improper removal of this action to federal court.

The fees itemized at D.E. 31-1 and expounded upon in the present pleading are limited to the work done in response to Defendants' efforts to delay and complicate this litigation. The undersigned reiterates and reaffirms the statements made in his affidavit in support of the itemized fees [D.E. 31-1] and respectfully requests the Court award these fees and impose sanctions as requested in D.E. 31.

Respectfully submitted,

*s/Daniel Luke Morgan*
Daniel Luke Morgan, KBA #83181
Cynthia Effinger, KBA #87298
Brittany Deskins, KBA #95907
McBrayer PLLC
201 E. Main Street, Suite 900
Lexington, KY 40507
Counsel For Plaintiff, Emelita Ayos, M.D.

**CERTIFICATE OF SERVICE**

      I hereby certify that on June 2, 2023, I electronically filed this Motion with the clerk of the Court, which will send electronic notice to all counsel of record.

                                        */s/ Daniel Luke Morgan*
                                        Daniel Luke Morgan, KBA #83181
                                        *Counsel for Plaintiff, Emelita Ayos, M.D.*