UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

CIVIL ACTION NO. 6:23-CV-00012-CHB-EBA

EMELITA AYOS, M.D.,                                                                                                    PLAINTIFF,

V.                   **REPORT & RECOMMENDATION**

TRG HOLDINGS G & H, LLC, *et al.*,                                                DEFENDANTS.

*** *** *** ***

Back in January 2023, Plaintiff Emelita Ayos moved to remand this action back to state court and for an award of attorney's fees and sanctions. [R. 10]. Magistrate Judge Hanly A. Ingram prepared a Recommended Disposition on the motion, recommending the motion be granted, the action remanded, and an award of attorney's fees assessed. [R. 28]. Judge Ingram indicated he would direct supplementation on the matter in the event his recommendation was adopted. [*Id.*]. No party objected to Judge Ingram's recommendation, so District Judge Claria Horn Boom adopted it as the opinion of the court. [R. 29].

In May 2023, Judge Ingram directed Ayos to file an itemization of costs and to prepare a memorandum in support of her motion for sanctions. [R. 30]. She did so and included supporting exhibits. [R. 31]. The filing implicates the law firm Quintairos, Prieto, Wood, & Boyer, P.A., attorneys from which represent the Defendants (and remain counsel of record).[1] Defendants filed two responses to Ayos's itemization and memorandum: one on their own behalf, and one on behalf of the law firm. [R. 34]; [R. 36]. Ayos replied. [R. 37]. Also, mid-briefing, Defendants moved to

---

[1] At one point, attorneys Donald L. Miller, II and Ethan F. Johnson, both of Quintairos, Prieto, Wood & Boyer P.A., moved to withdraw as counsel in this action. [R. 21]. However, their motion was denied because it didn't comply with Local Rule 83.6. [R. 26]. Miller and Johnson were directed to supplement their motion, but never did. [*Id.*]. Consequently, they remain counsel of record.

strike two of the exhibits Ayos attached in support of her itemization and memorandum. [R. 32]. Ayos responded to the motion. [R. 33]. Defendants didn't reply. The matters are ripe for decision.[2]

ANALYSIS

*Attorney's Fees*

Ayos requested an award of attorney's fees pursuant to 28 U.S.C. § 1447(c), [R. 10 at pg. 8], which allows the Court to award "just costs and any actual expenses, including attorney fees" incurred because of removal. § 1447(c). Fee awards under § 1447(c) are appropriate where "the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 139 (2005); *see also Powers v. Cottrell, Inc.*, 728 F.3d 509, 515 (6th Cir. 2013). Judges Ingram and Boom already concluded that Defendants' notice of removal lacked any objectively reasonable basis and that an award of attorney's fees is appropriate. [R. 28 at pgs. 4, 6] (finding that "Defendants' removal of this case was at a minimum objectively ***unreasonable***" and constitutes "an audacious attempt to shoulder into federal court") (emphasis in original); [R. 29] (adopting Judge Ingram's findings). Ayos also requests that Defendants and defense counsel be held jointly and severally liable for the fee, pursuant to 28 U.S.C. § 1927.[3] It's settled that Ayos is entitled to an award. All the undersigned must do at this juncture is recommend how much money will reasonably compensate Ayos.[4]

Ayos attests that an award of $28,469.50 will compensate her for all legal costs associated

---

[2] This matter was "once again" referred to Judge Ingram "for any further necessary proceedings concerning Plaintiff's motion for sanctions." [R. 29 at pg. 2]. At the close of briefing, Judge Ingram recused from this action, and it was reassigned to the undersigned. [R. 38].

[3] "Any attorney or other person admitted to conduct cases in any court of the United States . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927.

[4] "An award of attorney fees under these circumstances is a dispositive matter requiring a recommendation from a Magistrate Judge." *Shooter Const. Co., Inc. v. Wells Fargo Ins. Services USA, Inc.*, No. 3:11-CV-181, 2011 WL 6339680 (S.D. Ohio Nov. 28, 2011) (referencing *Bennett v. General Caster Service of N. Gordon Co. Inc.*, 976 F.2d 995 (6th Cir. 1992) (*per curiam*); *Estate of Conners v. O'Connor*, 6 F.3d 656 (9th Cir. 1993)).

with Defendants' improper notice of removal. [R. 31]. The calculation represents 76.8 billable hours of legal services billed at various rates and conducted by various attorneys from the law firm McBrayer PLLC. As exhibits, Ayos provided redacted billing records, [R. 31-1 at pgs. 5–11], and a sworn declaration by Daniel Luke Morgan, lead attorney of record, [*Id.* at pgs. 1–4].

Defendants oppose Ayos's calculation on four bases: (1) Ayos and her attorneys are engaged in a contingency fee arrangement; (2) Ayos seeks fees unrelated to Defendants' notice of removal; (3) Ayos's attorneys' rates are unreasonable; and (4) the number of hours billed by Ayos's attorneys is unreasonable. [R. 34]. The law firm Quintairos, Prieto, Wood & Boyer, P.A. likewise opposes Ayos's calculation on one ground: that Ayos seeks fees unrelated to Defendants' notice of removal. [R. 36 at pg. 3] (requesting that "the Plaintiff's sanctionable amount be limited by removing the $8,600 attached to the twenty-three extraneous entries in requested fees unrelated to the removal or remand of this matter"). The firm does not contest that § 1927 is inapplicable, and consequently concedes that it and its lawyers can be held jointly and severally liable for a just fee award. *See* [*Id.* at pgs. 1–2] (stating that the firm "recognizes the seriousness of the Order Remanding and for Sanctions and will comply with the ruling of this Court thereafter"). Each objection will be addressed in turn.

1. **Ayos's contingency fee arrangement does not preclude an award of attorney's fees.**

Defendants oppose Ayos's calculation, first, because she and her attorneys are seemingly engaged in a contingency fee arrangement. [R. 34 at pgs. 1–2]. Ayos didn't contest this assertion in reply. *See* [R. 37]. However, a contingency fee arrangement does not preclude an award of attorney's fees. *See* [R. 34 at pg. 2] (arguing that "the plaintiff has not actually incurred any attorney's fees relating to the removal as the matter is being handled on a contingency fee basis").

§ 1447(c) doesn't preclude attorney fee awards when a party and her attorney are engaged

in a contingency fee arrangement. *Parks v. University Hospitals Case Medical Center*, No. 1:10-CV-2746, 2012 WL 48815, at *1 (N.D. Ohio Jan. 9, 2012) (relying on *Gotro v. R & B Realty Group*, 69 F.3d 1485 (9th Cir. 1995)). This is because an award of fees can serve one of two purposes: to compensate the aggrieved party who was subjected to heightened legal costs because of an unfounded motion to remand; or to compensate the attorneys of an aggrieved party who were subjected to unnecessary work as a result of an unfounded motion to remand (as is the case when retained on a contingency basis). *Id.* ("The fees requested by Plaintiff represent fees her counsel has incurred as a result of the Motion to Remand" and this "does not warrant a denial of attorney's fees contemplated by § 1447(c).").

Here, an award of fees will serve to compensate Ayos's attorneys for the time they otherwise wouldn't have wasted combatting the Defendants' meritless removal. This is contemplated under § 1447(c). *See Gotro*, 69 F.3d at 1488 (holding that § 1447(c) does "not limit [a] district court's discretion to award attorney's fees to a contingency fee litigant").

### 2. Ayos seeks fees unrelated to Defendants' meritless notice of removal.

Next, Defendants and the law firm Quintairos, Prieto, Wood & Boyer, P.A. oppose Ayos's calculation because it includes fees that aren't associated with the notice of removal. Specifically, they take issue with twenty-three entries in the redacted billing record provided by Ayos.

Ten of Ayos's entries predate Defendants' notice of removal. [R. 31-1 at pgs. 5–6]. In all, these entries amount to 21.2 billable hours at various rates for a total of $7,809.00. Ayos defends these entries in reply. One entry relates to preparing discovery responses, and the others concern Ayos's defense of a subpoena against a motion to quash filed by Defendants in state court.

As to the 1.2-hour December 19, 2022 entry, Ayos asserts that her counsel spent time "respond[ing] to Defendants' second set of requests for admissions," which sought information

concerning "the amount in controversy." [R. 37 at pg. 1]. These answers formed the basis for Defendants' meritless notice of removal. *See* [R. 1 at pg. 5] ("Defendants did not have an ascertainable basis for removal until December 20, 2022, when Defendant received Plaintiff's answers . . . specifically stating that her 'damages are likely to exceed $75,000.'"). Consequently, Ayos argues her attorneys are entitled to compensation for unnecessary work. While true that Ayos's answers formed the basis of Defendants' removal, that's not enough to justify an award of fees in this action. Indeed, securing answers as to the amount in controversy could aid the parties in engaging in good faith settlement negotiations. While related to the notice of removal, Ayos's discovery answers aren't so inextricably intertwined with it to warrant an award of fees for preparing them. So, she's not entitled to a fee award for the 1.2 hours of legal work spent answering Defendants' discovery request.

Ayos seeks compensation for 20 hours of legal work related to defending against a motion to quash a subpoena filed by Defendants in state court prior to this action's removal. Ayos argues that "Defendants' efforts to quash the subpoena are intertwined with their removing the action to this Court." [R. 37 at pg. 2]. Specifically, it's Ayos's theory that Defendants removed this action to federal court because their effort to quash Ayos's subpoena failed. [*Id.*] ("Defendants' removal-scheme is further illustrated by the fact that they removed this action within one week of the state court decision—but prior to that judge entering a written order."). Even if true, that's not enough to justify a fee award for the work expended defending the subpoena. To suggest otherwise would open the door to domino-like awards, in which a plaintiff could argue that a defendant's unsuccessful motion to dismiss prompted it to meritlessly remove the action to federal court. In such a case, an award of attorney's fees would be proper—but not for the efforts expended to defend against the motion to dismiss. The same is true here. Ayos is not entitled to a fee award for

these 20 hours of legal work.

In addition to the ten pre-remand entries, Defendants object to thirteen of Ayos's post-remand entries. These generally relate to a status conference before Judge Ingram held at Ayos's request, *see* [R. 13]; [R. 24], research into Defendant Anand Lalaji's license status, a review of disclosures from Advocate RCM, LLC, and Ayos's objection to a motion to withdraw filed by attorneys with the law firm Quintairos, Prieto, Wood & Boyer, P.A., *see* [R. 22].

As for the status conference, Ayos avers that she requested the hearing because she "wanted to bring this case to the Court's consideration as quickly as possible and was also concerned about deadlines imposed under the Order for Meeting and Report." [R. 37 at pg. 3]. In this case, which was litigated in state court for over a year before Defendants' removal attempt, the parties were already subject to ongoing discovery obligations, such as scheduled depositions and case management deadlines. *See* [R. 13 at pgs. 1–2]. Post-removal, Ayos sought guidance from the Court on her "continuing efforts to conduct discovery, as well as whether the parties should have a Rule 26(f) conference during the pendency of" her "motion to remand." [*Id.* at pg. 2]. Undoubtedly, absent Defendants' frivolous removal notice, this Court would never have directed the parties to confer on discovery deadlines and other pretrial matters. And absent such direction, Ayos would've had no question as to her "continuing efforts to conduct discovery" in this year-old case. [*Id.*]. It was Defendants' improper removal that necessitated a conference with the Court, so Ayos is entitled to an award of attorney's fees for all work related to preparing the motion for hearing and for participating in the hearing itself: to the tune of 3.5 billable hours. *See Garbie v. DaimlerChrysler Corp.*, 211 F.3d 407, 411 (7th Cir. 2000) (holding that when an "adversary wrongfully drags [a party] into a second judicial system the loser must expect to cover the incremental costs").

In reply, Ayos was silent on the purpose of her research into Lalaji's medical license status and its relevance to getting this case back into state court where it belonged. *See* [R. 37]. Absent any explanation, the Court agrees with Defendants that such research seems "wholly unrelated to the removal action." [R. 34 at pg. 6]. Consequently, Ayos isn't entitled to an award of fees for the 2 hours of legal work expended researching Lalaji's background.

Next, Defendants object to the time Ayos spent reviewing disclosures from Advocate RCM. For context, Advocate is the entity that Ayos directed a subpoena to in state court—the same subpoena that Defendants unsuccessfully attempted to quash. *See* [R. 37-2 at pg. 2]. Ayos's reply is silent on how reviewing disclosures from Advocate—produced pursuant to a subpoena issued in state court—relate to this removal action. Because the undersigned discerns no relevance, Ayos isn't entitled to an award of fees for the 3.5 hours of legal work expended reviewing the discovery disclosures.

Defendants also object to the claimed 9.6 hours of time Ayos's attorneys spent researching and drafting a response in opposition to Defendants' motion to withdraw as counsel. Although this district's local rules don't provide for the filing of a response in opposition to such a motion, they don't preclude one either. That's because while most motions to withdraw don't require a response, the court may on occasion benefit from one. In this case, Ayos's attorneys prepared a response. [R. 22]. Much of the law cited in Ayos's response is binding only in state court and interprets state rules for withdrawal. *See* [*id.*]. But in it, Ayos did argue that the motion failed to conform with LR 83.6. And it was for that very reason that Judge Ingram ultimately denied the motion after taking the matter under advisement. [R. 24]; [R. 26]. So, Ayos's attorneys are entitled to some compensation for the time they spent preparing the successful response. But the undersigned agrees with the Defendants that no more than thirty minutes would've been required to review and

respond to the motion. [R. 34 at pg. 3]. Accordingly, the undersigned recommends Ayo's claimed award be reduced from 9.6 hours to 0.5 hours, billed at $375 per hour.[5]

In all, Defendants' objections to Ayos's billing entries for the following dates are well-taken: 12/19/22; 1/3/23; 1/4/23; 1/5/23; 1/6/23; 1/9/23; 1/10/23; 1/10/23; 1/11/23; 1/13/23; 2/6/23 (concerning Dr. Lalaji research); 2/7/23; 2/13/23 (concerning Advocate disclosures); 2/15/23; 2/17/23; 2/19/23; 2/20/23; 2/20/23; and 2/21/23. The undersigned recommends Ayos's recoverable billing entries be reduced by 36.8 hours, billed at various rates.[6]

### 3. Ayos's attorneys' hourly rates are reasonable.

In addition to contesting various billing entries, Defendants take issue with the rate at which legal services were billed by Ayos's attorneys. Ayos's lead counsel, Daniel Luke Morgan, bills at a rate of $375 per hour. Other attorneys working on the case billed between $175–400 per hour, indicating that these hourly rates are reasonable.

"The prevailing market rate is 'that rate which lawyers of comparable skill and experience can reasonably expect to command within the venue of the court of record.'" *Waldo v. Consumers Energy Co.*, 726 F.3d 820, 821 (6th Cir. 2013) (quoting *Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 350 (6th Cir. 2000)). The "community market rule" is used to calculate a reasonable billing rate. *Linneman v. Vita-Mix Corp.*, 970 F.3d 621, 629–30 (6th Cir. 2020) (citing *Hadix v. Johnson*, 65 F.3d 532, 536 (6th Cir. 1995)).

As of 2018, the median attorney billable hour rate in Lexington, Kentucky—where Ayos's attorneys practice—"is $338, the 75% median rate being $400, and the 95% median rate being $417." *Polymeric Resources Corp. v. Pounds of Plastic, LLC, et al.*, No. 3:20-CV-00013-GFVT-

---

[5] 9.2 of the 9.6 claimed hours were billed at a rate of $375. [R. 31-1 at pg. 10]. 0.4 hours were billed at a rate of $275, and only for a review of the motion. [*Id.*]. Hence the undersigned's recommendation that the 0.5 hour award be assessed at a rate of $375 per hour.
[6] This amounts to a $12,320 reduction in Ayos's claimed recoverable fee award.

EBA, 2022 WL 3568182, at *3 (E.D. Ky. Aug. 18, 2022), adopted in part by *Polymeric Resources Corp. v. Pounds of Plastic, LLC, et al.*, No. 3:20-CV-00013-GFVT-EBA (E.D. Ky. Sept. 13, 2023). All the hours billed by Ayos's attorneys fall squarely within the median or exceed the median solely because of the lawyer's skill and experience. *See* [R. 31-1 at pg. 3] ("I am familiar with hourly rates charged by lawyers in Lexington, Kentucky, and the rates charged by McBrayer are comparable to others with a similar level of experience at similar sized law firms in Lexington."). None of the billed hours exceed the 75% median rate (as of 2018). All Ayos's attorneys' hourly rates are reasonable.

### 4. Ayos's attorneys billed reasonable hours for preparing the motion to remand and a supporting reply brief.

Finally, Defendants question the amount of time Ayos's attorneys spent preparing the motion to remand and a supporting reply brief.[7] Ayos's attorneys spent 19.4 hours researching and drafting a motion to remand in this action; and spent 4.6 hours researching and preparing a reply brief in support of said motion to remand. In all, that amounts to 24 hours of legal work billed at various rates for a total of $8,200.

Ayos "bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Graceland Fruit, Inc. v. KIC Chemicals, Inc.*, 320 F. App'x 323, 328 (6th Cir. 2008) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)). Billing claims are reviewed for excessive, redundant, or otherwise unnecessary hours. That said, "[t]here is no precise rule or formula" to determine a reasonable number of hours expended. *Hensley*, 461 U.S. at 436. The Court's goal is "to do rough justice, not to achieve auditing perfection." *Fox v. Vice*, 563 U.S. 826, 838 (2011).

---

[7] Defendants also question the amount of time Ayos's attorneys spent preparing a response in opposition to their motion to withdraw. Since the Court excluded those hours from Ayos's award, the undersigned need not address that objection here.

In *Patel*, the most on-point case available, the Defendants who sought removal are the exact same Defendants in this action. *Patel, et al. v. Gram Resources, Inc., et al.*, No. 6:21-cv-141-REW-HAI (Aug. 18, 2021) (available at [R. 10-7]). And the Defendants (in *Patel* and upon removal in this action) were represented by the exact same lawyers (who now face sanctions in this action). Removal was sought for the exact same reason in both cases. Both cases arose within the exact same division of the Eastern District of Kentucky. And removal was opposed by a plaintiff represented by Daniel Luke Morgan—lead counsel for Ayos in this action.[8] In that case, the Court determined that an award of $6,000 was appropriate as a "conservative total" for combatting a meritless notice of removal (excluding reply). No. 6:21-cv-141-REW-HAI (Aug. 18, 2021) ([R. 10-7 at pg. 8]).

There, Patel's motion to remand was sixteen pages in length and included 42 pages of exhibits. In this action, on the other hand, Ayos's motion is nine pages in length and includes 27 pages of exhibits. At first blush, an award surpassing $6,000 seems inappropriate in this action for two reasons. First, Ayos's attorneys were very familiar with this issue as they previously litigated it in *Patel*. And second, because Defendants' meritless attempt to remove this case to federal court was even more lukewarm than in *Patel*. *See* [R. 28 at pg. 4] (finding that Defendants "have put forth even less effort" than in *Patel*). However, that conclusion overlooks Judge Robert E. Wier's remarks when ordering the $6,000 award: "the actual expenses surely surpass and subsume the total," and the "work caused by the removal" was "obvious[ly] intens[e]." *Patel*, No. 6:21-cv-141-REW-HAI (Aug. 18, 2021) ([R. 10-7 at pg. 8]). The award was limited to $6,000 solely because Patel didn't request more—so the $6,000 award need not serve as a cap in this case.

---

[8] Puzzlingly, despite the remarkable similarities between the two cases, Defendants moved to strike the *Patel* opinion from this Court's consideration when deciding Ayos's motion to remand. [R. 17]. Defendants motion was denied because Judge Wier's *Patel* opinion "directly addressed the precise issue present in this matter: the citizenship of Defendants Hazard Radiology Associates, Inc., and Gram Resources, Inc." [R. 26 at pg. 1].

Doing "rough justice," the undersigned finds that Ayos's claimed legal fees related to preparing her motion to remand in this action are reasonable. *Fox*, 563 U.S. at 838. In *Patel*, plaintiffs' counsel spent 20 hours preparing the motion to remand. In this action, Ayos's counsel spent roughly the same amount of time—19.6 hours—preparing the motion to remand. And unlike in *Patel*, a reply was filed in this action, upon which Ayos's counsel spent 4.6 hours. The additional time spent preparing a reply justifies the larger award in this action. Thus, the undersigned finds that Ayos's attorneys billed reasonable hours for preparing the motion to remand and supporting reply. These hours are recoverable pursuant to §§ 1447(c) and 1927.

*Sanctions*

In addition to a statutory attorney's fees award, Ayos requests that a financial sanction be imposed on Defendants and their counsel as punishment for unreasonably removing this action to federal court (the second such removal). *See Patel*, No. 6:21-cv-141-REW-HAI (E.D. Ky. Aug. 25, 2021) ([R. 10-7]). By prior order, Judge Ingram directed Ayos to "supplement her motion for sanctions and identify with particularity authority that supports her request and the sanctions sought, as required by Joint Local Rule 7.1(a)." [R. 30 at pg. 1]. In her supplement, Ayos seeks a sanction of $28,469.50—a doubling of her claimed attorney's fees—be imposed "based on the egregious conduct of both Defendants and Defense Counsel" as "there can be no other reason for Defendants' and Defense Counsel's actions but to harass, delay and/or increase Plaintiff's burden in prosecuting her case." [R. 31 at pgs. 1, 3]. As to authority, Ayos relies on Federal Rule of Civil Procedure 11, and the court's inherent power to manage its docket and accompanying power to impose an award of attorney's fees by sanction.

The conduct at issue—the intentional filing of a meritless notice of removal—disturbs "the orderly and expeditious disposition of cases." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991).

Courts enjoy inherent authority to impose sanctions for such conduct, including an assessment of attorney's fees. *Id.* at 45 (noting that an "assessment of attorney's fees is undoubtedly within a court's inherent power as well"). Imposing such a sanction is appropriate in three situations, the most relevant being when "the very temple of justice has been defiled" by a party acting in "bad faith by delaying or disrupting the litigation or by hampering enforcement of a court order." *Hutto v. Finney*, 437 U.S. 678, 896, n. 14 (1978). This power "transcends a court's equitable power . . . and reaches a court's inherent power to police itself, thus serving the dual purpose of 'vindicating judicial authority without resort to the more drastic sanctions available for contempt of court and making the prevailing party whole for expenses caused by his opponent's obstinacy.'" *Chambers*, 401 U.S. at 46 (quoting *Hutto*, 437 U.S. at 689, n. 14) (cleaned up). However, because of its "potency," this inherent power "must be exercised with restraint and discretion." *Id.* at 44.

Similarly, Rule 11 "build[s] upon and expand[s] the equitable doctrine permitting the court to award expenses, including attorney's fees, to a litigant whose opponent acts in bad faith in instituting or conducting litigation." FED. R. CIV. P. 11, Adv. Comm. Notes to 1983 Amend. Rule 11 is implicated where attorneys present signed pleadings, motions, and other papers to the court with a certification that the filing (1) isn't offered for an improper purpose, (2) isn't frivolous, and (3) is supported by evidence. FED. R. CIV. P. 11(b). Where an attorney files a pleading, motion, or other paper that violates Rule 11(b), an award of sanctions is appropriate "limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." *Id.* at (c)(3). Appropriate sanctions include "nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation." *Id* at (c)(4).

Critically, the imposition of an attorney's fees sanction by and through the court's inherent power is concerned with "making the prevailing party *whole*," not with granting it a windfall. *Chambers*, 401 U.S. at 46 (quoting *Hutto*, 437 U.S. at 689, n. 14). The same is true of Rule 11 (a relates to attorney's fees). If this recommendation is adopted, Ayos will recover most of her requested fees—and all her *reasonable* attorney's fees accrued due to the meritless removal—pursuant to §§ 1447(c) and 1927. So, Ayos's attempt to turn a profit from Rule 11 or the court's inherent power to sanction by doubling her attorney's fee award is misplaced.

*Motion to Strike*

Finally, Defendants move to strike two exhibits—Exhibits 5 and 6—attached to Ayos's itemization and memorandum in support of her claim to sanctions. [R. 32]. These exhibits concern an ongoing dispute in state court and allege that Defendant Anand Lalaji offered perjured testimony and intimidated a witness. Because these motions are pending in state court, Defendants argue they shouldn't be considered by this Court in determining whether sanctions should be imposed. Ayos, on the other hand, argues that these are public pleadings and concern "issues pertinent to the Court's decision[-]making process in this matter[.]" [R. 33 at pg. 2]. Because the undersigned recommended that Ayos be made whole by an award of attorney's fees pursuant to §§ 1447(c) and 1927, there was no need to consider these filings in connection with the imposition of sanctions—the reason for which Ayos offered them. Therefore, so long as this recommendation is adopted, the motion to strike should be granted.

CONCLUSION

Defendants frivolously removed this action to federal court. This is the second such removal. *See Patel*, No. 6:21-cv-141-REW-HAI (Aug. 18, 2021). Judge Ingram recommended this action be remanded to state court and that an award of attorney's fees be assessed on Defendants.

Absent objection, Judge Boom adopted the recommendation. The parties briefed attorney's fees and sanctions issues, and the matter was referred to the undersigned. Having considered the matter,

IT IS RECOMMENDED that:

1. Plaintiff Emelita Ayos's motion for attorney's fees [R. 10] be GRANTED. Specifically, Defendants and their counsel—Donald L. Miller, II and Ethan F. Johnson, of Quintairos, Prieto, Wood & Boyer P.A.—should jointly and severally pay Plaintiff Emelita Ayos the amount of $**16,149.50**.[9]

2. Plaintiff Emelita Ayos's motion for sanctions [R. 10] be DENIED.

3. Defendants' motion to strike [R. 32] be GRANTED.

*** *** *** ***

The parties are directed to 28 U.S.C. § 636(b)(1) for a review of appeal rights governing this Recommended Disposition. Particularized objections to this Recommended Disposition must be filed with the Clerk of the Court within fourteen days of the date of service or further appeal is waived. Fed. R. Civ. P. 72(b)(2); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005). A general objection that does not "specify the issues of contention" is not enough to satisfy the requirement of written and specific objections. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). Poorly drafted objections, general objections, or objections that require a judge's interpretation should be afforded no effect and are not enough to preserve the right of appeal. *Howard v. Secretary of HHS*, 932 F.2d 505, 508-09 (6th Cir. 1991). A party may respond to another party's

---

[9] Donald L. Miller, II represented Defendants at the time of removal. [R. 1]. Ethan F. Johnson represented Defendants at the status conference held before Judge Ingram on February 22, 2023 and prepared a response to Ayos's itemization on behalf of Quintairos, Prieto, Wood & Boyer, P.A.. [R. 23]; [R. 24]; [R. 36]. Attorneys R. Aaron Hostettler, James Milby Ridings, and Kelsey Lee Bryant entered their notice of appearance on Defendants' behalf on March 31, 2023. [R. 25]. They didn't prepare objections to Judge Ingram's recommendation, nor did they argue in any filing that removal was justified. Instead, they prepared and filed a motion to strike, which the undersigned recommend be granted, and a response to Ayos's itemization, which raised some meritorious objections. [R. 32]; [R. 34]. The undersigned discerns no reason to extend the award of attorney's fees to them or their law firm, Hamm, Milby & Ridings, PLLC.

objections within fourteen days of being served with a copy of those objections. Fed. R. Civ. P. 72(b)(2).

Signed June 14, 2023.

Signed By:
Edward B. Atkins  /s/ EBA
United States Magistrate Judge